IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GILBERT ARTEAGA, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 09-191J |
| | ) | |
| v. | ) | Judge Gibson |
| | ) | Magistrate Judge Bissoon |
| WARDEN COLEMAN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus filed by Gilbert Arteaga be dismissed *sua sponte* because it fails to assert a claim cognizable under 28 U.S.C. § 2254. It is further recommended that a certificate of appealability be denied.

### II. REPORT

Gilbert Artaega is a state prisoner who has filed a federal habeas petition pursuant to the provisions of 28 U.S.C. § 2254. He asserts that he was denied a "separation" from another inmate, and he seeks a hearing, inquiry and a ruling that he be separated from the inmate in question.

It is well settled that relief requested through a writ of habeas corpus is limited. See e.g., Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir.2002). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). On the other hand, a Section 1983 civil rights action is the proper remedy for a prisoner who is seeking redress for a purported constitutional violation related to prison

conditions.  Preiser, 411 U.S. at 499.  The Court of Appeals for the Third Circuit has explained that:

> whenever the challenge ultimately attacks the "core of habeas" -the validity of the continued conviction or the fact or length of the sentence challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer, 288 F.3d at 542.

Here, a ruling in Arteaga's favor would not affect the fact or duration of his conviction or sentence.  Rather, he has challenged the conditions of his confinement.  Clearly, "no matter what the outcome of [Arteaga's] habeas petition, neither the fact nor the length of his incarceration will be affected."  Bronson v. Demming, 56 Fed. Appx. 551, 553-54 (3d Cir.2002).  Consequently, Arteaga's remedy lies not in a habeas corpus action, but in a civil rights suit under 42 U.S.C. § 1983 and his federal habeas petition should be dismissed for failing to raise a claim cognizable under 28 U.S.C. § 2254.[1]

Finally, to the extent that Arteaga would require one, a certificate of appealability should be denied because jurists of reason would not find it debatable whether he has stated a cognizable federal habeas claim.  See e.g.  Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of a certificate of appealability where court does not address petition on the merits but on some procedural basis).

---

[1.] There is precedent in the Third Circuit that would permit a federal prisoner to challenge conditions of his confinement under the habeas corpus statutes.  See Woodall v. Fed. Bureau of Prisons, 432, F.3d 235 (3d Cir.2006).  That precedent, however, applies only to *federal* prisoners.  See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir.2001).

### III. CONCLUSION

It is recommended that the Petition for Writ of Habeas Corpus filed by Gilbert Arteaga be dismissed, and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.1.4 B, objections to this Report and Recommendation are due by August 17, 2009.  Failure to timely file objections may constitute a waiver of any appellate rights.

s/Cathy Bissoon  
Cathy Bissoon  
United States Magistrate Judge

Dated: July 30, 2009

cc:
**GILBERT ARTEAGA**
GL-3018
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510